UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KATHLEEN A. JUDKINS, | ) | Case No. 20-40614-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is a "Motion to Approve Stipulation for Assumption of Lease Agreement" [Docket #24] (the "Motion to Approve") seeking approval of a Lease Assumption Agreement entered into by Kathleen A. Judkins, the debtor in this Chapter 7 case (the "Debtor"), and Cab East, LLC relative to a prepetition vehicle lease between the parties.

Under § 365(p) of the United States Bankruptcy Code,[1] if the trustee has rejected or not timely assumed a lease of personal property, a Chapter 7 debtor may (with the lessor's consent) opt to assume the lease, resulting in "the liability under the lease [being] assumed by the debtor and not by the estate." 11 U.S.C. § 365(p)(2)(B). Sections 365(p)(2)(A) and (B) set forth the "consensual, non-judicial procedure" for that assumption:

> the debtor must first offer in writing to the lessor to assume the lease obligations . . . . The lessor then must decide whether to accept such offer . . . . If the lessor determines that it is willing to allow the debtor to assume the lease, it will then notify the debtor of this decision, and may condition such assumption on cure of any outstanding defaults on terms set by the contract. . . .
>
> The third and final step required by the statute is that a writing between the lessor and the debtor be signed to memorialize the terms of the lease assumption. *Neither judicial review nor approval of the lease assumption agreement is required by the Bankruptcy Code or Rules.*

---

[1] *See* 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code). All references to statutory sections are to provisions of the Bankruptcy Code.

1

*In re Ebbrecht*, 451 B.R. 241, 244-45 (Bankr. E.D.N.Y. 2011) (emphasis supplied).

Some courts allow (indeed, invite) parties to file a motion seeking court approval of an agreement reached under § 365(p)(2). *See, e.g., In re Anderson*, 607 B.R. 133, 142 (Bankr. D. Mass. 2019). However, the parties are free to negotiate the terms of any lease assumption agreement pursuant to § 365(p)(2), and the unambiguous terms of the Bankruptcy Code do not provide the bankruptcy court with authority to either "approve" or "disapprove" those terms.

Accordingly, the Motion to Approve is DENIED.

DATED: July 29, 2020                By the Court,

                                    _____
                                    Elizabeth D. Katz
                                    United States Bankruptcy Judge